IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Brenda M. Christy, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 4:09-cv-01428-JMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |
| The City of Myrtle Beach and the Myrtle | ) | |
| Beach Police Department, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ("Report") [Doc. 60], filed on July 27, 2011, recommending that this court grant Defendants' Motion for Summary Judgment [Doc. 40]. On September 30, 2011, the court issued a text order [Doc. 65] containing a preliminary ruling affirming the Magistrate Judge's Report [Doc. 60] with regard to Plaintiff's claims of sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) *et. seq.* and age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et. seq.*, and with regard to Plaintiff's claims of retaliation under Title VII and the ADEA, recommitting the matter to the Magistrate with instructions to consider Plaintiff's claims of retaliation in light of Plaintiff's reports of alleged discrimination that were not addressed within the Report [Doc. 60]. The text order [Doc. 65] provided that the court would issue a formal order on the motion at a later date. This is the court's formal order on this matter.

**FACTUAL AND PROCEDURAL BACKGROUND**

Brenda Christy ("Plaintiff") became employed by Defendant Myrtle Beach Police Department (the "MBPD") in November 1987. In 1990, Plaintiff received a promotion to Patrol Officer First Class. In September 1996, Plaintiff received a promotion to Corporal. In October 1999, Plaintiff received a promotion to Investigator. In April 2006, Plaintiff applied to compete in the 2006 Sergeant Promotions Process. The Promotional Process Policy (the "Policy") [Doc. 45-4] stated that the minimum requirements for promotion to Sergeant were: 1) six years of service with the MBPD as a Certified Officer with two years as an investigator, 2) at least 36 semester hours toward an Associates or Bachelors Degree or 68 continuing education units in qualified classes, schools and seminars, 3) no more than one preventable accident in the year before the announcement date, and 4) no written reprimand or suspension in the year before the announcement date. However, the Policy permitted the Chief of Police to set aside the time-in-grade requirement where he considered such action to be in the best interest of the MBPD. The Policy provided that the promotional process for Sergeant included an oral interview, a written exercise, promotional potential rating, recommendation by chain of command, and a decision by the Chief of Police. Further, the Policy provided that additional consideration would be given for education above the minimum requirement, an average of the annual evaluations received in the three most recent years, and disciplinary actions. As a result of participation in the Promotions Process, Plaintiff was one of five candidates selected as eligible for promotion to Sergeant if a position became available. Plaintiff was ranked second of the five candidates in the eligibility pool. The Policy provided, "the Chief of Police may choose any of the top three candidates for a vacant position." The Policy further provided that a new eligibility pool may be established at any time.

Plaintiff's qualifications for employment included an Associate Degree in Criminal Justice, a Masters Degree in Human Resources Development, selection as the Rotary Club Police Officer of the Year in 1995, and completion of the Administrative Officer's Management Program. Plaintiff received numerous positive reviews of her job performance. Notably, Plaintiff has presented affidavits from three former employees of the MBPD which all give a favorable opinion of Plaintiff's job performance. Further, Plaintiff's August 2006 Performance Appraisal, the last evaluation that Plaintiff received before the second position for Sergeant opened, was generally positive. However, Plaintiff's performance history also contained negative reflections of her job performance.

In February 2002, Plaintiff received an oral reprimand for conducting an unlawful arrest outside of the jurisdiction of the City of Myrtle Beach. In October 2004, Plaintiff was involved in an altercation with a subordinate officer. As a result of the altercation, Plaintiff received a reprimand, was removed from supervisor duties, was temporarily transferred to Warrants duties, and was entered into a mentoring program. In June 2006, Plaintiff received an oral reprimand for failing to handcuff an arrested subject. In July 2006, the first opening for Sergeant became available, and Chief Gall promoted the officer ranked first in the eligibility pool to fill the Sergeant position. In August 2006, Plaintiff received an oral reprimand for leaving a prisoner uncuffed in an open area of the jail. In November 2006, Chief Gall assigned Plaintiff to supervise four officers in the Street Crimes Unit. Subsequently, Chief Gall received information that Plaintiff's subordinate officers were complaining about Plaintiff's job performance. In December 2006, when the second opening for Sergeant became available, Chief Gall promoted the officer ranked third in the eligibility pool to fill the position. In March 2007, another opening for Sergeant became available. At this time,

three officers, including Plaintiff, remained in the eligibility pool. The officer originally ranked fifth in the eligibility pool was promoted to fill the position.

When deciding which officers to promote, Chief Gall solicited the opinions of his command staff. At the time the second and third openings for Sergeant were filled, no members of Chief Gall's command staff recommended Plaintiff for promotion to Sergeant. Chief Gall's command staff advised him that Plaintiff lacked character, integrity, and credibility. Furthermore, Chief Gall received information that Plaintiff did not have respect from her coworkers and would create hostility. In May of 2007, Plaintiff's supervisors demoted her to Patrol Officer First Class.

Plaintiff alleges that she was retaliated against in response to her reports of unlawful discrimination within the MBPD. In February 2002, Plaintiff reported the alleged sexual harassment of her co-worker, Deborah McCorkle. Furthermore, Plaintiff alleges having several conversations with her supervisors in 2007 regarding her concerns that she was subjected to discrimination based on her age and gender. Specifically, in March 2007, Plaintiff had a discussion with the City Manager regarding unfair treatment. Plaintiff also alleges that in March 2007, she met with Chief Gall to discuss discrimination and retaliation. Finally, Plaintiff alleges that she complained to another officer after being embarrassed by an incident involving an assignment to report to a lower-ranked male officer.

In June 2007, Plaintiff filed a Charge of Discrimination with the South Carolina Human Affairs Commission and the Equal Employment Opportunity Commission, alleging retaliation and sex and gender discrimination. Plaintiff received a dismissal and a notice of right to sue on March 2, 2009. Plaintiff filed the present action on June 1, 2009. Plaintiff brings claims of sex

4

discrimination and retaliation under Title VII and age discrimination and retaliation under the ADEA.

## STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge makes only a recommendation to this court.  *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight.  *Id.*  The responsibility to make a final determination remains with this court.  *Id.*  This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions.  *See* 28 U.S. C. § 636 (b)(1).

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his

pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## DISCUSSION

Plaintiff timely filed objections to the Magistrate Judge's Report. Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The court finds that two of Plaintiff's objections to the Report are merely restatements of the arguments made in Plaintiff's initial filings and do not alert the court to matters that were erroneously considered by the Magistrate Judge. Specifically, Plaintiff argues that the Magistrate Judge impermissibly allowed Defendants to utilize ambiguities in their policies to discriminate against Plaintiff. Plaintiff also argues that the Report improperly resolves material facts in controversy as to whether Plaintiff should have been selected for promotion. The court finds that the bases for these arguments were set forth in Plaintiff's Memorandum in Opposition to

6

Defendants' Motion for Summary Judgment [Doc. 45] and appropriately addressed within the Report.[1] However, the court discerns two specific objections to the Magistrate Judge's Report.

First, Plaintiff objects to the Magistrate Judge's treatment of evidence, arguing that the Magistrate Judge improperly viewed evidence in a light more favorable to Defendants. Specifically, Plaintiff argues that the Magistrate Judge afforded more weight to evidence highlighting the negative aspects of Plaintiff's performance history than to the evidence highlighting the positive aspects of Plaintiff's performance history. Having reviewed the record, the court finds that the Magistrate Judge appropriately considered the facts of the case. While the evidence presented to the court includes both positive and negative comments regarding Plaintiff's performance, as the Magistrate Judge correctly notes within the Report, "[c]ourts do not sit as super personnel departments second guessing an employer's perceptions of an employee's qualifications." *Malghan v. Evans*, 118 Fed. Appx. 731, 733 (4th Cir. 2004) (citing *Smith v. Univ. of N.C.*, 632 F.2d 316, 346 (4th Cir. 1980)). "Job performance and relative employee qualifications are widely recognized as valid, nondiscriminatory bases for any adverse employment decision." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996). Defendants have met their burden of producing a legitimate, nondiscriminatory reason for the adverse employment actions directed toward Plaintiff. Plaintiff has not provided sufficient evidence to establish a genuine issue of material fact as to whether she was subjected to adverse employment actions based upon her age or sex.

---

[1] Plaintiff points out that while the Report referred to Amy Prock as an example of a female who is older than Plaintiff and a high-ranking employee within the Police Department, Amy Prock is actually younger than Plaintiff. However, the Magistrate Judge's analysis relies on Amy Prock's status as a high ranking officer in light of both her age and her gender. In addition, the Magistrate Judge gives examples of two more high-ranking employees who are both female and older than Plaintiff. Thus, the court finds that Amy Prock's age is not essential to the Magistrate Judge's analysis.

Second, Plaintiff objects to the Magistrate Judge's analysis of Plaintiff's retaliation claim with regard to her demotion solely in the context of Plaintiff's 2002 report of the alleged sexual harassment experienced by her coworker. The Magistrate Judge found that the length of time between Plaintiff's 2002 report of the alleged sexual harassment incident and Plaintiff's demotion and denial of promotion negates any inference of a causal connection between the incidents. Plaintiff argues that in addressing Plaintiff's retaliation claim, the Magistrate Judge failed to consider reports of discrimination that Plaintiff made after 2002. Specifically, Plaintiff relies on an alleged March 2007 report to City Manager Leath, an alleged March 2007 report to Chief Gall, and an alleged May 2007 report to Deborah McCorkle. The Report [Doc. 60] does not address these alleged reports of discrimination. Therefore, with regard to Plaintiff's retaliation claims, the court recommits the matter to the Magistrate Judge with instructions to consider Plaintiff's claims of retaliation in light of these alleged reports of discrimination.

## **CONCLUSION**

For the foregoing reasons, the court affirms the Magistrate Judge's Report and Recommendation [Doc. 60] with regard to Plaintiff's claims of sex discrimination and age discrimination, and it is hereby **ORDERED** that Defendants' Motion for Summary Judgment [Doc. 40] is **GRANTED** with regard to Plaintiff's claims of sex discrimination and age discrimination. With regard to Plaintiff's claims of retaliation, the court recommits the matter to the Magistrate with instructions to consider Plaintiff's claims of retaliation in light of Plaintiff's reports of alleged discrimination that were not addressed within the Report and Recommendation.

8

**IT IS SO ORDERED.**

                                                                                                 United States District Judge

October 11, 2011
Greenville, South Carolina